UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EFREN SERRANO,

                Plaintiff,

    -against-

CAROLYN W. COLVIN, ACTING
COMMISSIONER, Social Security
Administration,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-6295 (CBA)

**AMON, United States District Judge:**

Plaintiff Efren Serrano brought this action pursuant to Title II of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a decision by Administrative Law Judge ("ALJ") Jay Cohen that Serrano's disability and entitlement Social Security disability benefits—which the Social Security Administration ("SSA") granted in 1995—ended in 1998. (See D.E. #1 ("Compl.").) Serrano seeks an order reversing ALJ Cohen's determination and remanding solely for a calculation and award of benefits. (D.E. # 17 ("Pl. Mem.").) The Commissioner agrees that ALJ Cohen's legal errors warrant reversal, but opposes Serrano's motion for judgment on the pleadings, arguing that a broader remand for further administrative proceedings is appropriate here. (D.E. # 19 ("Def. Mem.").) For the reasons set forth below, the Court reverses ALJ Cohen's determination, grants Serrano's motion for judgment on the pleadings, and remands solely for a calculation and award of benefits.

## BACKGROUND

Serrano first applied for Social Security disability benefits on August 18, 1993 for back injuries sustained in 1992. (D.E. # 9 ("R.") at 206–08.) The SSA denied this initial application,

but Serrano appealed the decision until the SSA eventually granted him a hearing before ALJ Herbet S. Forsmith. (Id. at 261–63, 274–77.)

ALJ Forsmith issued a decision on May 19, 1995 finding that Serrano had been disabled since August 17, 1992 because of a "severe back impairment" that left him without a "residual functional capacity for even sedentary work because of pain." (Id. at 1081–87.) ALJ Forsmith based this decision on "[f]indings on examination" that "included limitation of motion of the spine, paravertebral tenderness and spasm, occasional motor loss, and decreased sensation at the L5 dermatome." (Id. at 1085.) ALJ Forsmith also based his finding on "EMG and nerve conduction studies," which were positive for L5 radiculopathy, and on an MRI that "was consistent with disc degeneration at L4-5 and L5-S1, without evidence of herniation or nerve root impingement." (Id.) Finally, ALJ Forsmith relied on Serrano's testimony and the testimony of a medical expert who opined that Serrano's condition closely approached the requisite severity, given the "evidence of limitation of motion, spasm, motor loss, and appropriate sensory distribution of pain and numbness in the extremities." (Id.)

Three years later, on April 28, 1998, the SSA conducted a continuing disability review and determined that Plaintiff's disability concluded as of April 1, 1998 due to medical improvement. (Id. at 33–36.) Plaintiff has been appealing that decision ever since.

Over the past twenty years, three ALJs have affirmed the termination of Serrano's Social Security disability benefits. (See id. at 476–91 (ALJ Catherine C. Edgell's February 22, 2000 affirmance); id. at 20–32 (ALJ Harvey Feldmeier's February 16, 2007 affirmance); id. at 1088–99 (ALJ Jay Cohen's July 15, 2016 affirmance).) In 2003, the SSA Appeals Council vacated the first ALJ's affirmance and remanded the case for further proceedings. (Id. at 503–05.) In 2014, U.S. District Judge Eric N. Vitaliano did the same to the second ALJ's affirmance. (Id. at 1110–12);

see also Memorandum & Order (D.E. # 34), Serrano v. Comm'r of Soc. Sec., No. 09-CV-3647 (E.D.N.Y. Mar. 25, 2014) (remanding to the Commissioner for further development of the evidence because there were gaps in the record). The third ALJ affirmance is now before the Court.

Serrano's most recent hearing before an ALJ was on April 21, 2016. (Id. at 1233–1305.) On that day, Serrano appeared before ALJ Jay Cohen represented by attorney Christopher Bowes. (Id.) Serrano testified that the last time he worked was in 1992, when he worked as an orderly in a home for people with mental disabilities. (Id. at 1233–59, 1278–80.) Serrano explained that he injured his back in 1992 when he fell while carrying a patient and that, the following year, he began seeing Dr. Agustin F. Sanchez, an orthopedic specialist Serrano still saw by the time of his 2016 hearing. (Id.) Serrano also testified that he was involved in a car accident in 1996 that added to his injuries and that, by the time of the 2016 hearing, he had been seeing psychiatrists and psychologists for years. (Id.)

During the hearing, ALJ Cohen also heard testimony from medical experts Chaim Eliav and Jennifer Blitz. (Id. at 1259–98.) Dr. Eliav testified about the evidence in the record of Serrano's myofascial pain syndrome in the cervical and lumbar regions, his medial meniscus tear, his ACL injury, and his degenerative disc disease at L4-5 and L5-S1. (Id.) Dr. Eliav opined that Serrano's disc and joint problems were degenerative in nature and thus would only worsen with time. (Id.) Dr. Blitz testified that, although Serrano began seeing doctors for treatment of his mental health problems in 2007, Serrano did not have a severe mental impairment from 1998 to 2016. (Id.) ALJ Cohen also heard testimony from a vocational expert. (Id. at 1298–1305.)

On July 15, 2016, ALJ Cohen issued a decision finding that Serrano was no longer disabled as of 1998 and affirming the SSA's termination of Serrano's disability benefits. (Id. at 1088–99.)

With little supporting analysis, ALJ Cohen wrote that Serrano had lumbar radiculopathy in 1992 and had a medial meniscal tear in his left knee, degenerative disc issues in the cervical and lumbar spine, and myofascial pain syndrome by 1998. (Id.) Then ALJ Cohen explained why these 1998 "medically determinable impairments" could not reasonably have been expected to produce symptoms supporting a finding that Serrano was completely unable to work. (Id.) Finally, ALJ Cohen found that, although Serrano was not able to perform past relevant work as of 1998, he was able to perform a significant number of jobs in the national economy by that time. (Id.) Serrano did not bring an appeal before the SSA appeals council, so ALJ Cohen's decision became final on September 14, 2016, the sixty-first day following the date of ALJ Cohen's decision. (Id. at 1089.) Serrano filed this action on November 13, 2016. (Compl.)

## STANDARD OF REVIEW

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008) (quoting Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000)). "To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). "Substantial evidence is 'more than a mere scintilla' and 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lesterhuis v. Colvin, 805 F.3d 83, 87 (2d Cir. 2015) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its] judgment for that of

4

the Commissioner." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

## DISCUSSION

Serrano seeks review under 42 U.S.C. § 405(g) of ALJ Cohen's determination that Serrano's disability—and, thus, his entitlement to Social Security disability benefits—ended in 1998. The parties agree that ALJ Cohen's failure to apply the correct legal standard warrants reversal and remand. (See Pl. Mem. at 1; Def. Mem. at 1.) What they disagree about is the appropriate scope of remand: Serrano seeks judgment on the pleadings and remand solely for the calculation and award of benefits, while the Commissioner seeks remand for further administrative proceedings. (See Pl. Mem. at 1; Def. Mem. at 1.) For the following reasons, the Court reverses the ALJ Cohen's determination, grants Serrano's motion for judgment on the pleadings, and remands the case solely for the calculation and award of benefits.

### I. Reversal

After the SSA deems a claimant disabled and grants benefits, it may terminate that claimant's disability benefits after following an eight-step evaluation of the claimant's ongoing disability. See 42 U.S.C. § 423(f); 20 C.F.R. 404.1594. The first two steps of this evaluation determine whether the claimant is currently engaging in substantial gainful activity and, if not, whether he or she has a medically sufficient impairment or combination of impairments. 20 C.F.R. 404.1594(f)(1)–(2). At the third step, the ALJ must determine whether medical improvement has occurred. 20 C.F.R. 404.1594(f)(3). If so, the ALJ must determine whether the improvement is related to the claimant's ability to work. 20 C.F.R. 404.1594(f)(4). If medical improvement has not occurred, the ALJ must determine whether an exception to medical improvement applies. 20

C.F.R. 404.1594(f)(5). If the claimant's medical improvement is related to his or her ability to work or if an exception to medical improvement applies, the ALJ then determines whether the claimant's current impairments are severe and, if so, whether the claimant has the capacity to perform his or her past relevant work or other work in the national economy. 20 C.F.R. 404.1594(f)(6)–(8).

Medical improvement is any decrease in medical severity of the relevant impairment or impairments, as established by improvement in symptoms, signs, and/or laboratory findings. 20 C.F.R. 404.1594(b)(1). Accordingly, the medical improvement standard calls for a comparative analysis, allowing the Commissioner to terminate benefits only "upon substantial evidence that the individual's condition has improved to the point that he or she is no longer disabled, or that the initial finding of disability was erroneous." De Leon v. Sec'y of Health and Human Servs., 734 F.2d 930, 936 (2d Cir. 1984); Fleming v. Sullivan, 806 F. Supp. 13, 14–15 (E.D.N.Y. 1992). That is, to make a finding of medical improvement, the Commissioner must compare the claimant's condition at the time of the medical-improvement finding against the claimant's condition at the time of the most recent decision in the claimant's favor. Fleming, 806 F. Supp. at 15.

The Commissioner may not "simply disregard a prior finding that a particular medical condition is disabling" and terminate benefits "based only on substantial evidence that the claimant is not currently disabled, without regard to whether there has been demonstrable medical improvement in the claimant's condition." De Leon, 734 F.2d at 936–37. Indeed, the prior finding of disability entitles the claimant to a "presumption that as long as there is no change in the condition itself, or in the governing statutes or regulations, neither will the statutory classification of disability be changed." Id. The Second Circuit adopted this medical improvement standard because it did not want benefits to be terminated "simply on the whim of a changed ALJ." Id.

Here, the Commissioner admits that reversal and remand is appropriate. (Def. Mem. at 26.) First, she admits that ALJ Cohen erred by failing to apply the medical improvement standard. (Id.) Second, she admits that ALJ Cohen "did not sufficiently establish that Plaintiff's condition had improved to the point that he was no longer disabled in 1998." (Id.) Finally, the Commissioner admits that, even if ALJ Cohen had engaged in the necessary comparative analysis, Dr. Eliav's testimony cannot support a finding that medical improvement occurred in 1998. (Id. at 26–27.) The Court reverses ALJ Cohen's determination for failure to apply the medical improvement standard.

## II. Remand

In general, a district court should order payment of benefits only in rare instances where the record "compel[s] but one conclusion" and thus remand for further evidentiary proceedings would serve no purpose. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987); see also Schaal v. Apfel, 134 F.3d 496, 504 (2d Cir. 1998); Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980). In termination-of-benefits cases, however, "where the [SSA] has failed to meet the burden of the medical improvement standard, the principles of fairness and administrative consistency considered in De Leon require a reversal rather than a remand of the [SSA's] decision to spare the claimant the frustration and uncertainty of further administrative proceedings." Velazquez v. Heckler, 586 F. Supp. 125, 127 (S.D.N.Y. 1984) (Sweet, J.); accord Nunez v. Barnhart, No. 01-CV-0005 (LTS) (RLE), 2003 WL 21254639, at *4 (S.D.N.Y. May 30, 2003) (Swain, J.); Irvin v. Heckler, 592 F. Supp. 531, 540 (S.D.N.Y. 1984) (Ward, J.); see also De Leon, 734 F.2d at 938 (reversing termination of benefits based on a failure to apply the medical improvement standard and reinstating benefits without further analysis). Where reversal is based the inadequacy of the record before the Court, however, it will remand for supplementation of the record. See Veino v.

Barnhart, 312 F.3d 578, 588 (2d Cir. 2002); Memorandum & Order (D.E. # 34), Serrano v. Comm'r of Soc. Sec., No. 09-CV-3647 (E.D.N.Y. Mar. 25, 2014).

Here, the Court reverses ALJ Cohen's determination for legal error, not because of the inadequacy of the record. Nevertheless, the Commissioner argues that judgment on the pleadings is not appropriate here because the record lacks "persuasive proof of disability" and does not "compel but one conclusion" because there is "conflicting evidence in the medical record." (Def. Mem. at 28–30 (citing cases addressing initial denials of benefits, not cases addressing terminations of benefits under the medical improvement standard).) Yet, in her brief, the Commissioner cited to only one piece of evidence that purportedly conflicts with ALJ Forsmith's 1995 opinion—the April 10, 1998 consultative exam conducted by Dr. Thomas D. Forschner—and she failed to explain the conflict. (See id.) At oral argument, the Commissioner belatedly attempted to bolster her conflict argument by cherry picking certain findings of Dr. Forschner and of anesthesiologist Dr. Barry Krasner, but she failed to show that the record contained the "substantial evidence" of medical improvement necessary to terminate benefits. See De Leon, 734 F.2d at 936–37. Thus, even under the Commissioner's standard, judgment on the pleadings is appropriate, because the record "compel[s] but one conclusion." (Def. Mem. at 28–30.)

In any case, the Court holds that judgment on the pleadings and remand solely for the calculation and award of benefits is appropriate here, because the Commissioner has failed to rebut the presumption that Serrano was still disabled in 1998 and is still disabled today. See De Leon, 734 F.2d at 936–37 (establishing that presumption in the Second Circuit and ordering the grant of benefits based on the SSA's failure to rebut it). "The principles of fairness and administrative consistency" that counsel for such a result are especially strong here, where the "frustration and

uncertainty of further administrative proceedings" have been ongoing for two decades. E.g., Velazquez, 586 F. Supp. at 127.

## CONCLUSION

For these reasons, the Court reverses the Commissioner's termination of Serrano's Social Security disability benefits, orders the reinstatement of benefits, and remands the case solely for the calculation and award of benefits. The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: March 20, 2018
      Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge